

FILED
CLERK, U.S. DISTRICT COURT

MAR 3 1 2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLIE SANCHEZ,<br><br>Defendant. | ) NO. 5:18-cr-00060-GW<br>)<br>)<br>)<br>) **ORDER OF DETENTION AFTER**<br>) **HEARING**<br>)<br>)<br>) **[Fed. R. Crim. P. 32.1(a)(6);**<br>) **18 U.S.C. § 3143(a)]**<br>) |

The defendant having self-surrendered in Los Angeles, California pursuant to a warrant issued by the United States District Court for the Central District of California for alleged violation of the terms and conditions of the defendant's supervised release; and

The Court, having conducted a detention hearing pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a), finds that:

\\

\\

\\

1

A.   (X)   The defendant has not met the defendant's burden of establishing by clear and convincing evidence that the defendant is not likely to flee if released under 18 U.S.C. § 3142(b) or (c).  This finding is based on the defendant's submission on the issue of detention and thus failure to proffer any evidence to meet the defendant's burden on this issue;

and

B.   (X)   The defendant has not met the defendant's burden of establishing by clear and convincing evidence that the defendant is not likely to pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c).  This finding is based on the defendant's submission on the issue of detention and thus failure to proffer any evidence to meet the defendant's burden on this issue.

IT THEREFORE IS ORDERED that the defendant be detained pending the further revocation proceedings.

DATED: March 31, 2026

_____
HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

2